**VERMONT STUDENT ASSISTANCE CORPORATION v. Walter ZEICHNER**

[708 A.2d 1351]

No. 97-095

March 12, 1998. Plaintiff Vermont Student Assistance Corporation (VSAC) appeals from a Chittenden Superior Court order which held that plaintiff's attempt to collect unpaid student loans from defendant Walter Zeichner was barred by the doctrine of res judicata because the loans had been previously discharged in a

Chapter 7 proceeding in federal bankruptcy court. We disagree and reverse.

The facts of this case are not in dispute and have been stipulated to by the parties. Defendant incurred three separate student loans between 1977 and 1984. These student loans went into repayment in May of 1985. Defendant made approximately two-thirds of these payments before executing a loan consolidation promissory note to plaintiff in March of 1988. The first payment on this note came due on May 1, 1988. On August 18, 1993, defendant filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. Defendant listed his student loan as one of his debts. Neither plaintiff nor defendant initiated an adversary proceeding to specifically discharge defendant's obligations under the consolidation loan or the original student loans. A final decree of bankruptcy was issued by the United States Bankruptcy Court on December 16, 1993.

On July 14, 1995, plaintiff filed suit in Chittenden Superior Court claiming that defendant had defaulted on his consolidated student loan and that he owed plaintiff $17,495.43 on the principal and $4,220.32 in interest. The parties filed cross-motions for summary judgment, and the trial court granted defendant's motion for summary judgment on the ground that plaintiff's claim was barred by the doctrine of res judicata because defendant's loan had been previously discharged by the United States Bankruptcy Court. This appeal followed.

Plaintiff's main argument is that defendant's student loan was not discharged in bankruptcy and consequently the trial court erred in dismissing plaintiff's claim. Discharges in bankruptcy are governed by the provisions of 11 U.S.C.A. § 727. Subsection (b) of § 727 states that a general discharge under § 727(a) releases the debtor from all debts "[e]xcept as provided in section 523." Section 523 provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt" which falls into one of nine specified exceptions, one of which is educational loans. Section 523(a)(8) specifically provides that a discharge does not release a debtor from liability for an educational loan made by a governmental unit or a nonprofit institution of higher education, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C.A. § 523(a)(8).

Therefore, the bankruptcy court cannot discharge a student loan unless one of the two conditions listed in § 523(a)(8) is present. The mere fact that a debt is listed in the schedule of debts is not determinative of the dischargeability of the debt. Bankruptcy Rule 1007(a) requires the debtor to submit a list of creditors and makes no judgments about which are dischargeable, if any. See *Massachusetts Higher Educ. Assistance Corp. v. Taylor*, 459 N.E.2d 807, 811 (Mass. 1984).

Because these student loans are not discharged automatically under § 523(a)(8), it is unnecessary for the creditor to appear at the bankruptcy proceedings and file a complaint that the loans should not be discharged. Congressional intent with respect to the operation of § 523(a)(8) is very clear: "This provision [§ 523(a)(8)] is intended to be self-executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan." S. Rep. No. 95-989, 95th Cong., 2d Sess. 79 (1978), reprinted in 1978 U.S.C.C.A.N. 5865.

Defendant argues that more than seven years have passed between the payment date of the original loans and the filing of the bankruptcy petition so that the loan debt was dischargeable under § 523(a)(8)(A). He contends, and the trial court concluded, that by merely providing plaintiff with a notice of bankruptcy and listing the original loan repayment dates he put plaintiff on notice that the educational loan may be discharged. As a result, he argues, plaintiff had the opportunity and responsibility to litigate the issue in the bankruptcy court and, failing to do so, plaintiff's claim is now barred by res judicata.

Defendant's position shifts the procedural burdens applicable to the bankruptcy court. If defendant wanted his educational loan discharged, he bore the burden of filing a complaint in bankruptcy court to establish that one of the exceptions contained in § 523(a)(8) applied. See Bankr. Rules 4007(a), 4007(e), 7003, 11 U.S.C.A. (West 1984); see also *In re Gustafson*, 111 B.R. 282, 285 (9th Cir. 1990) (student loans are presumptively nondischargeable until a complaint is brought to determine dischargeability based on one of the two exceptions to § 523(a)(8)). Defendant failed to take this step. In order to establish one of the exceptions to § 523(a)(8), there must be an adversary proceeding with findings made by the court. See *Indiana University v. Canganelli*, 501 N.E.2d 299, 301 (Ill. App. Ct. 1986) (determination of dischargeability of debt by bankruptcy court is initiated by filing a complaint in bankruptcy court and conducting an adversary proceeding); *New York State Higher Educ. Servs. Corp. v. Williams*, 475 N.Y.S.2d 206, 208 (Civ. Ct. 1984) (there being no proof that bankruptcy court made findings regarding exceptions to § 523(a)(8), the exceptions are inapplicable). Here, the bankruptcy court made absolutely no findings regarding whether the exceptions to § 523(a)(8) applied in

this case because defendant failed to seek the findings. By failing to file a complaint, § 523(a)(8) became self-executing and defendant's student loan was not discharged. See *Canganelli*, 501 N.E.2d at 301.

We do not agree that the doctrine of res judicata gave defendant a de facto discharge even though the debt was not actually discharged. Although plaintiff could have litigated the dischargeability of the loan in the bankruptcy court, its claim is precluded in the superior court only if it "should have" litigated it. See *Lamb v. Geovjian*, 165 Vt. 375, 380, 683 A.2d 731, 734 (1996). Since it was under no obligation to initiate the adversary proceeding in the bankruptcy court, res judicata does not apply.

*Reversed and remanded.*