**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES WILLIAM FLEMING,
<u>Plaintiff-Appellant,</u>

v.

WORKER'S COMPENSATION
COMMISSION OF THE
COMMONWEALTHOF VIRGINIA; UNITED
STATES FIDELITY & GUARANTY
COMPANY; LAWRENCE D. TARR,

No. 95-1815

Chairman of the Worker's
Compensation Commission; ROBERT
P. JOYNER, Commissioner of the
Worker's Compensation
Commission; VIRGINIA DIAMOND,
Commissioner of the Worker's
Compensation Commission,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-94-710-3)

Argued: December 6, 1995

Decided: March 5, 1996

Before HALL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Hunt Roberts, ROBERTS PROFESSIONAL LAW CENTER, Richmond, Virginia, for Appellant. Archibald Wallace, III, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellee USF&G; John M. McCarthy, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees Commission, Tarr, Joyner, and Diamond. **ON BRIEF:** Ronald P. Geiersbach, ROBERTS PROFESSIONAL LAW CENTER, Richmond, Virginia, for Appellant. Richard T. Pledger, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellee USF&G.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this action under 42 U.S.C. § 1983, Charles W. Fleming appeals an order of the district court dismissing, without prejudice, his complaint for declaratory and injunctive relief against the Workers' Compensation Commission of the Commonwealth of Virginia and its individual Commissioners. The order also granted summary judgment to USF&G Co., the private workers' compensation coverage carrier for Fleming's last employer. We affirm.

I.

Fleming suffered back injuries on June 30, 1993, while lifting a kitchen cabinet during the course of his employment with Callaway's Transportation, Inc. Callaway's notified USF&G, which agreed to pay all of Fleming's medical expenses stemming from the injury, and

2

to award him temporary disability benefits. The agreement was approved by the Commission on September 2, 1993. **1**

In May 1994, and again six months later, USF&G suspended its weekly disability payments to Fleming, asserting that Fleming had not complied with certain statutory requirements on which the continued receipt of benefits was conditioned.**2** About two months prior to the

---

**1** See Va. Code Ann. § 65.2-701(A) (Michie 1995):

> If after injury . . . , the employer and the injured employee
> . . . reach an agreement in regard to compensation or in com-
> promise of a claim for compensation under this title, a memoran-
> dum of the agreement . . . shall be filed with the Commission for
> approval. . . . If approved, the agreement shall be binding. . . .

**2** On four occasions from May 5-11, 1994, Fleming missed appoint-ments for work hardening therapy at an occupational rehabilitation cen-ter. Under Virginia law, "[t]he unjustified refusal of the employee to accept . . . medical service or vocational rehabilitation services when pro-vided by the employer shall bar the employee from further compensation until such refusal ceases. . . ." Va. Code Ann.§ 65.2-603(B) (Michie 1995). Soon after USF&G suspended payment of benefits, Fleming's attending physician decided to abandon the work hardening strategy in favor of having Fleming concentrate on adapting to his reduced level of physical functioning. Upon being informed that the rehabilitation ses-sions had suddenly become unnecessary, USF&G reinstated Fleming's disability compensation and paid him the five weeks' worth of withheld benefits.

USF&G again suspended Fleming's benefits on November 7, 1994, after learning that Fleming had refused an offer of employment as a security guard. See Va. Code Ann. § 65.2-510(A) (Michie 1995):

> If an injured employee refuses employment procured for him
> suitable to his capacity, he shall only be entitled to the benefits
> provided for in §§ 65.2-503 [permanent loss] and 65.2-603
> [medical attention and appliances], excluding vocational rehabil-
> itation services . . . during the continuance of such refusal, unless
> in the opinion of the Commission such refusal was justified.

Apparently, Fleming turned down the security guard position because he mistakenly believed that he would be required to purchase or borrow an automobile to use on the job. A representative of the Commission's Dis-pute Resolution Department investigated the circumstances surrounding Fleming's refusal, and advised USF&G that it should withdraw its appli-cation to discontinue benefits. USF&G complied; it again resumed pay-ments and issued Fleming a check for the three weeks' worth of benefits that he had missed.

3

second suspension, Fleming filed this action in the district court.[3] Fleming alleged that USF&G's unilateral suspension of his benefits, accomplished without prior notice and an opportunity to be heard, deprived him of his right to due process as secured by the Fourteenth Amendment. The complaint prayed that the Commonwealth's statutes and regulations permitting pre-hearing suspension of workers' compensation benefits be declared unconstitutional, and it requested that the Commission be enjoined from enforcing them. Fleming's complaint also demanded compensatory and punitive damages from USF&G as a result of the two suspensions.

On March 7, 1995, the district court entered an order dismissing the action against the state defendants, noting that because Fleming had been paid all the benefits due him, see note 2, supra, his request for equitable relief had become moot. The order of dismissal was without prejudice to its refiling in the event that Fleming's benefits were again suspended. The order also granted summary judgment to USF&G, on the ground that it is not a state actor, and thus not amenable to suit under § 1983. Fleming appeals. [4]

II.

An indisputably private entity will not ordinarily be deemed to have acted under color of law unless the state is, in essence, responsi-

---

[3] Fleming later amended his complaint to claim additional injuries suffered as a result of the November 1994 suspension.

[4] The appellees have suggested that we remand this case so that it may be dismissed; they maintain that the district court should have declined to assume jurisdiction over this dispute on the principle that the merits of state court judgments are not subject to federal review upon the mere allegation that the judgment itself violates the plaintiff's constitutional rights. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); see also Johnson v. De Grandy, 114 S. Ct. 2647, 2654 (1994). We disagree. Even if the limited, informal actions taken by the Commission in the instant case could be construed as "judgments," state administrative agencies are not "courts" within the meaning of the Rooker-Feldman doctrine. Narey v. Dean, 32 F.3d 1521, 1524-26 (11th Cir. 1994); Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir.), cert. denied, 503 U.S. 914 (1991).

ble for the specific action at issue, either through the existence of a "symbiotic relationship" with the private entity, or by so thoroughly regulating the entity as to impose its will through coercion or, at least, "significant encouragement." See Haavistola v. Community Fire Co. of Rising Sun, 6 F.3d 211, 215 (4th Cir. 1993). [5]

Although the Commonwealth created the underlying statutory and regulatory mechanism challenged in the instant proceeding, it did not compel or direct the suspension of Fleming's benefits. That decision instead rested squarely on the shoulders of USF&G. "Regulations that dictate procedures, forms, or even penalties without dictating the challenged action do not convert private action into state action." Barnes v. Lehman, 861 F.2d 1383, 1387 (5th Cir. 1988) (citing Blum v. Yaretsky, 457 U.S. 991, 1010 (1982)) (emphasis in original). We therefore affirm the district court's summary judgment in favor of USF&G.

III.

We also agree with the district court that Fleming's case against the state defendants has become moot. The parties have stipulated that "[a]ll wage and medical payments are now current and all back payments have been made."[6] Hence, there is no longer a justiciable case or controversy between Fleming and the state defendants. See S1 v. Spangler, 832 F.2d 294, 297 & n.1 (4th Cir. 1987). As the district court noted, "Fleming is merely seeking a declaration that he was once injured, and an order barring these defendants from acting in similar fashion in the future." Because Fleming is unable to allege any continuing adverse effect from the Commission's past actions, Article III's case or controversy requirement is not met.

Fleming nevertheless asserts that his claim is "capable of repetition, yet evades review," see City of Los Angeles v. Lyons, 461 U.S. 95,

_____

[5] An exception to the general rule may also apply where the private entity exercises powers that are traditionally the exclusive prerogative of the state. Haavistola, 6 F.3d at 215.
[6] In addition, the complaint does not state a claim for money damages from any defendant other than USF&G, and Fleming conceded at oral argument that he seeks only equitable relief from the state defendants.

5

109-11 (1983), because USF&G is likely to again suspend his benefits at a future date. The district court, however, found to the contrary, and we do not perceive that finding to be clearly erroneous.

The judgment of the district court is affirmed.

<u>AFFIRMED</u>