INDIANA UNIVERSITY, Plaintiff-Appellant, v. MICHAEL A. CANGANELLI, Defendant-Appellee.

First District (4th Division)   No. 85—3487

Opinion filed November 20, 1986.

Albert Brooks Friedman, Ltd., of Chicago (David M. Goldman, of counsel), for appellant.

Michael A. Canganelli, of Chicago, for appellee, *pro se.*

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Indiana University, filed suit in the circuit court of Cook County seeking a judgment for a student-loan debt owed to it by the defendant, Michael A. Canganelli. Canganelli had previously been discharged from all dischargeable debts by the United States Bankruptcy Court of the Northern District of Indiana. The student-loan debt owed to Indiana University was listed on his schedule of debts. Under the Bankruptcy Code, a student-loan debt is nondischargeable unless it can be shown that if the debt is not discharged it "will impose an undue hardship on the debtor and the debtor's dependents." (11 U.S.C.A. sec. 523(a)(8) (West Supp. 1986).) In the bankruptcy proceeding the issue of undue hardship was not raised by either party and the order of bankruptcy merely discharged all dischargeable debts. Consequently, Canganelli was not discharged from his student-loan debt.

Subsequently, when Indiana University filed this action in the circuit court of Cook County, Canganelli raised the issue of undue hardship as a defense. The circuit court ordered Canganelli to petition the bankruptcy court for a ruling on the affirmative defense of undue hardship. Canganelli filed a petition to reopen his bankruptcy case. (11 U.S.C.A. sec. 350(b) (West Supp. 1986).) The petition was denied on the basis that the affirmative defense of undue hardship could be raised with greater judicial economy in the State court and the State court had concurrent jurisdiction with the bankruptcy court regarding the issue of dischargeability of the student-loan debt.

A hearing was then held in the circuit court, and the trial court entered judgment in favor of Indiana University in the amount of $1,961.29. However, the trial court further found that Canganelli had established through his testimony an undue hardship that would discharge his student-loan debt. The court then permanently enjoined Indiana University from enforcing the judgment. Indiana University raises two issues on appeal: (1) whether the trial court had jurisdiction to determine the dischargeability of a student-loan debt under the "undue hardship" exception to section 523(a)(8) of the Bankruptcy Code (Code) (11 U.S.C.A. sec. 523(a)(8) (West Supp. 1986)); and (2) whether the trial court erred in permanently enjoining Indiana University from enforcing the judgment.

On the issue of jurisdiction, Indiana University maintains that the bankruptcy court is the only forum to determine issues of bankruptcy law, consequently, the dischargeability of the student-loan debt must be determined by the bankruptcy court. Section 523(a) of the Bankruptcy Code automatically excepts from discharge a number of debts falling within the provisions of section 523(a), including government educational loans under section 523(a)(8). (11 U.S.C.A. sec. 523(a) (West Supp. 1986).) However, section 523(a)(8) contains a "hardship" provision which permits the discharge of a student-loan debt, otherwise nondischargeable, "if excepting the debt from discharge will impose an undue hardship on the debtor and the debtor's dependents." (11 U.S.C.A. sec. 523(a)(8)(B) (West Supp. 1986).) The determination of the dischargeability of any debt by a bankruptcy court can be sought by either the debtor or creditor through the filing of a complaint in the bankruptcy court. (Rules Bankr. Proc., R. 4007(a), 11 U.S.C.A. (West 1984).) The proceeding initiated is an adversary proceeding. (Rules Bankr. Proc., Rules 4007(e), 7003, 11 U.S.C.A. (West 1984); 3 Collier on Bankruptcy sec. 523.21, at 523-108–09, 523-137 (15th ed. 1986).) Neither Canganelli nor Indiana University filed a complaint in the bankruptcy court prior to the discharge.

■ It is well established that the bankruptcy court has exclusive jurisdiction in deciding the question of dischargeability for debts under sections 523(a)(2) (fraud or false financial statement), (a)(4) (fraud by a fiduciary, embezzlement, or larceny), and (a)(6) (wilful and malicious injury) of the Bankruptcy Code, but that it has concurrent jurisdiction with the appropriate State court concerning debts covered by the other paragraphs of section 523(a). (*In re Carter* (Conn. 1984), 38 Bankr. 636; *In re Romeo* (N.J. 1981), 16 Bankr. 531; *In re Wright* (N.D. Ala. 1980), 7 Bankr. 197; *Nuellen v. Lawson* (1984), 123 Ill. App. 3d 202, 204, 462 N.E.2d 738; *In re Marriage of Lytle* (1982), 105 Ill. App. 3d 1095, 1099, 435 N.E.2d 522; 1 Norton, Bankruptcy Law and Practice sec. 27.72-73, at 96-97 (Callaghan 1983); 3 Collier on Bankruptcy sec. 523.06, at 523-34, 535 (15th ed. 1986); compare Rules Bankr. Proc., Rules 4007(b), 4007(c), 11 U.S.C.A., Advisory Committee Notes, at 480 (West 1984).) The bankruptcy and State courts have concurrent jurisdiction to determine whether a government student-loan debt is dischargeable under section 523(a)(8). (*Jones v. I.T.T. Technical Institute* (S.D. Ohio 1984), 38 Bankr. 968, 971; Kalevitch, *Educational Loans in Bankruptcy*, 2 N. Ill. U. L. Rev. 325, 338 (1982).) Accordingly, in the instant case, the circuit court had jurisdiction concurrent with that of the bankruptcy court to determine the dischargeability of Canganelli's student-loan debt.

■ The failure of Canganelli to file a complaint in the bankruptcy court during the bankruptcy proceeding did not preclude him from later raising the issue of dischargeability in the circuit court after discharge in the bankruptcy court. There was no burden on either the debtor or the creditor to file a complaint in the bankruptcy court to determine the issue of dischargeability. (*In re Wright* (N.D. Ala. 1980), 7 Bankr. 197.) If neither party seeks a ruling of dischargeability in the bankruptcy proceeding, the Code is self-executing, therefore, no findings of fact by the bankruptcy court are essential or necessary in declaring the student-loan debt nondischargeable. See 11 U.S.C.A. sec. 523(a)(8), Historical and Revision Notes, at 507 (West 1979).

The failure to file a complaint in the bankruptcy proceeding to seek a determination prior to discharge relates only to the right to be heard in the bankruptcy court on the issue of dischargeability. (*In re Wright* (N.D. Ala. 1980), 7 Bankr. 197.) If either Canganelli or Indiana University had desired a determination from the bankruptcy court on the issue of dischargeability of the student-loan debt, either party could have simply filed a complaint during the administration of the bankruptcy proceeding. *Jones v. I.T.T. Technical Institute* (S.D. Ohio 1984), 38 Bankr. 968, 971.

■ While the bankruptcy court could have determined the dischargeability of this debt, when Canganelli later filed his petition to have the bankruptcy reopened, it was within the sound discretion of the bankruptcy court to deny reopening. (*In re Rediker* (M.D. Tenn. 1982), 5 Bankr. 71.) Reopening was particularly inappropriate in the instant case where the State court action was initiated after the bankruptcy case had been closed and was still pending. (*In re Carter* (Conn. 1984), 38 Bankr. 636.) Thus, in the absence of a complaint filed in the bankruptcy court to determine dischargeability of Canganelli's student-loan debt, and the concurrent jurisdiction of the circuit court having been invoked after the discharge of bankruptcy, the circuit court was competent to make a determination as to whether the student-loan debt was dischargeable for undue hardship under the Bankruptcy Code. (See *In re Aurre* (S.D. N.Y. 1986), 60 Bankr. 621, 624; *Nuellen v. Lawson* (1984), 123 Ill. App. 3d 202, 204, 462 N.E.2d 738 (dischargeability is determined under Federal law).) No question is raised in this appeal concerning the sufficiency of the evidence for the circuit court's finding of dischargeability.

■ Indiana University also argues that the trial court erred in permanently enjoining it from enforcing the judgment. As the trial court determined that Canganelli's student-loan debt was dischargeable, the effect of the discharge under the Bankruptcy Code operates as an injunction against the commencement or continuation of an action to collect or recover on the debt. (11 U.S.C.A. sec. 524(a)(2) (West Supp. 1986).) Therefore, the trial court properly enjoined Indiana University from enforcing the judgment.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.