**In re Robert Kelly CARSON, Debtor.**

**In re Robert Kelly CARSON, Debtor,**

**Robert Kelly CARSON, Plaintiff,**

v.

**LOGAN COLLEGE OF CHIROPRACTIC, Defendant.**

**Bankruptcy No. 92–48328–172.**
**Adv. No. 92–4564–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 4, 1993.

E. Rebecca Case, Trustee, St. Louis, MO.

Joseph J. Trad, R. Scott Moore, St. Louis, MO, for defendant.

Nathan Goldberg, Adam S. Elbein, St. Louis, MO, for debtor/plaintiff.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on several motions and countermotions filed by the Debtor and by Logan College of Chiropractic ("College"). A description of these motions is included in the following summary of the brief history of this case.

The Debtor filed a voluntary petition for relief under Title 11 of the United States Code at 3 o'clock p.m. on December 15, 1992. At about 2:33 p.m. the next day, December 16, 1991, the Debtor filed an

Adversary Complaint styled, "Complaint For Violation Of The Automatic Stay Under 11 U.S.C. § 362 Seeking Turnover Of Educational Transcripts; And Injunction Enjoining Defendant From Preventing Plaintiff From Attending Graduation On December 19, 1992"; and as part of the Adversary Proceeding, a request styled, "Emergency Motion And Request For Emergency Hearing For Violation Of Stay Under 11 U.S.C. § 362 Seeking Turnover Of Educational Transcripts And Injunction Enjoining Defendant From Preventing Plaintiff From Attending Graduation On December 19, 1992". The Defendant referred to in each of these pleadings is Logan College.

At various other times on December 16 and 17, 1992, the College filed the following motions: "Emergency Motion To Compel Assumption Or Rejection Of Executory Contract"; "Emergency Motion For Relief From, Or Modification Of, The Automatic Stay By Logan College of Chiropractic, Inc."; "Emergency Motion Of Logan College Of Chiropractic, Inc., to Dismiss Chapter 7 Case For Bad Faith Filing" pursuant to 11 U.S.C. § 707(a); and an oral motion to void the Chapter 7 Petition because the Debtor testified that he is not an American citizen.

By agreement, and to the extent possible, all matters were considered during an expedited hearing on December 17, 1992. After consideration of the record as a whole, including the testimony and oral argument presented during this hearing, the Court announced its determinations and orders from the bench at about 4:15 p.m., December 17; 1992.

This is a core proceeding pursuant to Section 157(b)(2)(A), (E) and (G) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. The determinations and orders set out herein are the final orders of the Bankruptcy Court on the issues addressed in this proceeding.

## FACTS

The Debtor testified that he is one of several Canadian citizens who are enrolled at Logan College of Chiropractic. He began his three and one-half year course of study in September, 1989. He believes that he has completed all degree requirements and, but for his inability to make all tuition payments to the College, is otherwise eligible to graduate with his class at ceremonies on December 19, 1992.

At the time of his enrollment in 1989, the Debtor entered into an agreement to provide for the payment of his tuition. This agreement was apparently similar or identical to the payment method used by other students who were also unable to pay the full amount of the tuition at the beginning of each year. Consistent with the agreement, the Debtor executed a series of notes whereby he promised to repay one-half of the tuition amount in installments to begin "one calendar year after the end of the last trimester" in which he was enrolled as a student (the tuition deferment plan). See Plaintiff's Exhibit "E". The remaining one-half of the tuition was to have been paid by the Debtor at the beginning of each school year (the Debtor's schedule was based on trimesters) in cash, or by check or credit card.

The Debtor paid the first and second cash payments from money given him by his father. For purposes of determining these expedited matters, the Court has determined that he has made no further timely cash payments as of the date of this hearing. Notwithstanding a written policy that required that the cash payments be made prior to registration for a subsequent term, the College allowed the Debtor to continue to enroll and attend classes during each subsequent school year. As of the date of this hearing, the Debtor owes deferred tuition payments, payment of which is not yet due, and cash payments for approximately eight trimesters. The Debtor testified that he had been told by College representatives that he would be prohibited from attending the graduation ceremony on December 19th, and that he could not obtain a transcript of his record unless at

least the overdue cash payments were made or satisfactory arrangements were made for the payment of the tuition.

■ For purposes of this consideration, the debt owed by this Debtor to the Logan College is at least in part an educational loan made under a program funded in whole or in part by a nonprofit institution pursuant to 11 U.S.C. § 523(a)(8). *In re Merchant*, 958 F.2d 738, 741 (6th Cir.1992); *In re Hill*, 44 B.R. 645 (Bankr.D.Mass. 1984) As such, as of the commencement of this case, there is a *presumption* that the educational loan is not dischargeable in this Chapter 7 case. However, this presumption may be overcome by the exceptions set out at Sections 523(a)(8)(A) and 523(a)(8)(B).

■ The automatic stay operates to stay any act to collect, access, or recover a claim against the debtor that arose before the commencement of this Chapter 7 case. 11 U.S.C. § 362(a)(6). This automatic stay continues to operate until the time a discharge is granted or denied, pursuant to 11 U.S.C. § 362(c)(2)(C).

These provisions of Section 362 have been interpreted to mean that the automatic stay does not operate after there has been a determination that a particular debt is not dischargeable. *In re Gustafson*, 111 B.R. 282 (9th Cir. BAP 1990).

■ A determination of dischargeability requires the commencement of an adversary proceeding and the entry of an order by an appropriate court. Rule 7001, Federal Rules of Bankruptcy Procedure.

■ In this case, there has not yet been a judicial determination that these educational loans are not dischargeable. Therefore, the automatic stay of Section 362 operates to prevent any collection activity for these debts.

■ As a matter of fact and law, the parties relationship here is not based on an executory contract. Rather, it is a relationship between a debtor who owes a debt to a creditor.

■ The action by the College to withhold confirming a degree and to withhold delivery of transcripts is an act to collect a pre-petition debt. *See In re Merchant*, 958 F.2d 738, 742 (6th Cir.1992); *In re Gustafson*, 111 B.R. 282, 285 (9th Cir. BAP 1990). This act is stayed by the operation of Section 362.

Therefore, if the College does not confer a degree on the Debtor, or if the College refuses to deliver his transcripts consistent with this Order, it will be in violation of the automatic stay, assuming that the Debtor has satisfied the other reasonable requirements for graduation, including providing information about his mailing address.

The act of threatening to not confer the degree, and the act of threatening to not deliver the transcripts are, in the circumstances presented here, acts to collect a debt that has not yet been determined to be non-dischargeable. As such, these acts are in violation of the automatic stay. The record has not established however, that these acts were or are willful violations of the automatic stay, or that the Debtor has been damaged as a result of these acts.

■ Nonetheless, to graduate with one's class after three and one-half years of working together can be an important event for any individual. Therefore, the Debtor has established the need for this expedited hearing, two days before the graduation ceremony.

■ The circumstances in this case have presented the Court with a direct confrontation between two policies of the Bankruptcy Code. The conflict is between the Debtor's right to a breathing spell and ultimately to a fresh start free of liability for his discharged debt, and the creditor's right to collect upon a debt that is not dischargeable under Section 523. Consistent with the reported caselaw and the spirit of the Bankruptcy Code, the Court has determined that the protections of the automatic stay override the creditor's ability to collect the educational loan debt until such time as the debt is determined to be non-dischargeable.

■ Once a student loan debt has been determined to be not dischargeable, a school may withhold confirmation of a de-

gree, and/or may withhold delivery of a debtor's transcripts as a means of collection. *See Johnson v. Edinboro State College,* 728 F.2d 163 (3d Cir.1984).

The Debtor has elected to file this Chapter 7 case within a few days before the graduation ceremony. This has given rise to a situation where there is not sufficient time to permit the creditor to obtain a determination of dischargeability of this educational loan debt. The result of this circumstance is that the automatic stay precludes the creditor from barring the Debtor from attending the graduation ceremony, and precludes the creditor from withholding the Debtor's transcripts. In all probability, the creditor will lose at least one and perhaps both of these collection tools before a Court can determine dischargeability. However, the creditor will not lose that which is recognized under the Bankruptcy Code—the ability to exit the bankruptcy case upon a determination of non-dischargeability of its debt. Therefore,

IT IS ORDERED that this expedited hearing is concluded; and that the Debtor's motion to compel compliance with the stay of 11 U.S.C. § 362 is granted in part, in that until such time as the debt owed is determined to be non-dischargeable, the Defendant Logan College is to take no action to prevent the Debtor from attending the graduation ceremony on December 19, 1992 solely because of his nonpayment of the tuition debt described in this proceeding; and

That until such time as the debt owed is determined to be non-dischargeable, the Defendant, Logan College is to take no action to prevent the Debtor from receiving a degree solely because of his nonpayment of the tuition debt described in this proceeding; and

That the Defendant, Logan College is to take no action to withhold the Debtor's transcripts solely because of his nonpayment of the tuition debt described in this proceeding, unless such debt is determined to be non-dischargeable before the transcripts are delivered to the Debtor; and

That the Defendant, Logan College is to cause the transcripts of the Debtor's record to be made available to the Debtor within two (2) weeks after the date of the graduation ceremony; and

That the motion of Logan College for an order granting relief from the stay to permit collection activity upon the debt that is based on the Debtor's failure to make tuition payments (Motion No. 2) is denied without prejudice for want of cause; and that the automatic stay is to continue to operate on the condition that, except for a true emergency, the Debtor is to give Logan College notice of any intention to leave the continental United States not later than two (2) weeks prior to such departure; and

That the request of Logan College to compel the Debtor to assume an executory contract (Motion No. 5) is denied; and

That the motion of Logan College to dismiss this case for the Debtor's ineligibility to be eligible to be a debtor pursuant to 11 U.S.C. § 109 because the Debtor is not a citizen of the United States (Motion No. 10) is denied without prejudice; and

That the Debtor's request for an award of attorney's fees and costs as a result of this proceeding is denied.