In re Stephen Edward PENN and Ida Maria Penn, Debtors.

Lester E. Cox Medical Centers, Plaintiff,

v.

Ida Maria Penn

and

United States of America Department of Education, Defendants.

Bankruptcy No. 00–62211.
Adversary No. 01–6007.

United States Bankruptcy Court, W.D. Missouri.

May 24, 2001.

Glenn P. Green, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, MO, for Plaintiff.

Kenneth P. Reynolds, Reynolds & Gold, Springfield, MO, for Debtor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

Plaintiff Lester E. Cox Medical Centers (Cox) filed this adversary proceeding to object to the discharge of a student loan. In its Complaint it requested a non-dischargeable judgment for interest, costs and expenses incurred in collecting the student loan, including reasonable attorney's fees. In her Answer, debtor Ida Maria Penn admits the student loan is nondischargeable, but objects to an award of any expenses incurred in collecting the student loan through this adversary proceeding, as she made no effort to discharge the student loan in her Chapter 7 bankruptcy case. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

The Bankruptcy Code (the Code) provides that a student loan is excepted from discharge unless debtor can prove that such an exception will impose an undue hardship on debtor or her dependents. Ms. Penn did not ask this Court to make a finding of undue hardship as to her student loan to Cox. Instead, it was Cox which filed an adversary proceeding. In its Complaint, Cox asked this Court for a determination that the loan is nondischargeable and requested its costs, expenses, and attorney's fees incurred in filing the adversary as a ex-

pense of collection. Does this Court need to make such a determination, and if not, are the costs, expenses, and attorney's fees incurred a cost of collection?

## DECISION

Student loan obligations are nondischargeable by operation of law until the debtor seeks and receives a determination to the contrary. Student loan lenders do not need to file an adversary proceedings to request such a determination. No contractual provision that awards costs, expenses and attorney's fees as a cost of collection is implicated when an action to collect the debt was unnecessary.

## FACTUAL BACKGROUND

The facts are not in dispute. On September 26, 1994, Ms. Cox incurred a student loan from Cox in the amount of $2,700.00 to attend the Burge School of Nursing. The Federal Perkins Loan Program guaranteed the student loan. The balance due and owing at this time is $1,890.00. On December 26, 2000, Ms. Cox and her husband filed a Chapter 7 bankruptcy petition. On her bankruptcy schedules Ms. Cox listed a student loan in the approximate amount of $2,000.00 to the Burge School of Nursing. Ms. Cox's bankruptcy schedules also state that she is a registered nurse, and that she has worked for Cox for the past five years. Ms. Cox did not file an adversary proceeding to ask this Court for a determination that her student loan obligation to Cox is dischargeable. In fact, the bankruptcy schedules state that Ms. Cox pays $250.00

a month on this and other student loan obligations.[1]

Instead, on February 6, 2001, Cox filed a Complaint for Determination of Non–Dischargeability of Student Loan (the Complaint). In the Complaint, Cox argues that the Promissory Note–Federal Perkins Loan Program (the Note) signed by Ms. Cox provides for the payment of interest and all of Cox's costs and expenses of collection, including reasonable attorney's fees necessary for the collection of the Note. In her Answer, Ms. Cox argues that she never intended to discharge the student loan, therefore, she should not have to pay the costs and expenses associated with this adversary proceeding, and Cox should have to pay her attorney's fees for forcing her to defend in an unnecessary lawsuit. The parties submitted the case on stipulated facts.

## DISCUSSION

 Student loan obligations are presumed nondischargeable:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution, or for an obligation to repay funds received as an educational benefit, scholarship or sti-

---

1. I note that Ms. Cox obtained the last loan from this lender on February 6, 1996. Doc. # 1, Ex. A. Cox did not submit any evidence of the repayment period, but repayment does not commence until a borrower completes her education. Ms. Penn's bankruptcy schedules state she is a registered nurse and has been employed by Cox for five years. Based upon these undisputed facts, therefore, Ms. Penn has reduced her student loan obligation from $2,700.00 to $1,890.00 over the past 5 years. Cox also did not argue that Ms. Penn's student loan was in default at the time she filed this bankruptcy petition.

pend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.[2] The Courts construe this language to mean that student loans are presumed nondischargeable, and the debtor must seek an affirmative determination that student loan obligations are discharged.[3] Moreover, section 523(a)(8) is intended to be self-executing, and the creditor need not file a complaint to determine the non-dischargeability of any student loan.[4] As the Court stated in *In re Perkins*, "[i]f a specific determination to the contrary has not been entered in the bankruptcy case, by operation of the Bankruptcy Code the student loan debt is not discharged unless and until a court of competent jurisdiction determines that it is to be discharged pursuant to federal bankruptcy law." [5] Both the bankruptcy court and any appropriate nonbankruptcy forum have jurisdiction to determine the dischargeability of a student loan debt.[6] I, therefore, find that Ms. Penn's student loan obligation to Cox was nondischargeable at the time she filed her bankruptcy case, and the obligation remains nondischargeable until such time as Ms. Penn obtains a determination from this or some other court that the obligation imposes an undue hardship on her or her dependents. It was, thus, unnecessary for Cox to file this Complaint.

The Note provides that the borrower will pay all reasonable collection costs, including attorney's fees and other charges necessary for collection.[7] Since the filing of the Complaint was not needed in order for Cox to collect a student loan obligation that Ms. Penn never disputed, never tried to discharge, and continued to pay, I will deny Cox's request for its costs, expenses, and attorney's fees incurred in bringing this action.

As to Ms. Penn's request that Cox pay her attorney's fees, such a request must be addressed in a separate motion for sanctions according to the procedure outlined in Rule 9011 of the Federal Rules of Bankruptcy Procedure. I will, therefore, deny without prejudice Ms. Penn's request at this time.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**2.** 11 U.S.C. § 523(a)(8).

**3.** Editor's comment to Fed. R. Bankr.P. 4007(b); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir.1991); *Stout v. United States Dept. of Ed. (In re Stout)*, 231 B.R. 313, 315 (Bankr.W.D.Mo.1999); *Perkins v. Coordinating Board for Higher Ed., Missouri Student Loan Program (In re Perkins)*, 228 B.R. 431, 433 (Bankr.E.D.Mo.1998).

**4.** 11 U.S.C. § 523(a)(8) Senate Report (Reform Act of 1978); *United States v. Wood*, 925 F.2d at 1582.

**5.** *In re Perkins*, 228 B.R. at 433.

**6.** *See* Fed. R. Bankr.P. 4007(b) and Advisory Committee Note (1983) thereto.

**7.** Doc. # 1, Ex. A.