**In re John Raymond LEVIN, Debtor.**

**John Raymond Levin, Plaintiff,**

**v.**

**State of New York Department of Health, et al., Defendants.**

**Bankruptcy No. 99–32178–BKC–PGH. Adversary No. 02–3136–BKC–PGH–A.**

United States Bankruptcy Court, S.D. Florida.

Sept. 23, 2002.

Julianne R. Frank, Palm Beach Gardens, FL, for debtor.

Charles I. Cohen, Boca Raton, FL, for trustee.

Mark H. Goldberg, Cooper City, FL, for creditor.

### MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT STATE OF NEW YORK DEPARTMENT OF HEALTH'S MOTION TO DISMISS

PAUL G. HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court on June 7, 2002 upon the State of New York Department of Health's (the "Defendant") Motion to Dismiss (the "Motion to Dismiss"). On August 16, 2002, John Raymond Levin (the "Debtor") filed a Memorandum of Law in Opposition to the Motion to Dismiss (the "Response"). Having carefully reviewed the Motion to Dismiss and the Response thereto, the Court hereby enters the following findings of fact and conclusions of law.

#### FINDINGS OF FACT

On May 4, 1999, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor received his discharge on August 19, 1999. The Defendant, however, was never listed as a creditor on the Debtor's bankruptcy schedules and did not file a proof of claim in the Debtor's case. A review of the Motion to Dismiss and the Response reveals that sometime after February of 2002, the Defendant commenced a state court proceeding against the Debtor on account of alleged fraudulent pre-petition conduct committed by the Debtor. On

March 15, 2002, the Debtor filed a Motion to Reopen Case to Add the Omitted Creditor. In reopening a case to add an omitted creditor, Local Rule 5010–1(B) requires the Debtor to submit a proposed order conforming to the Local Form Order Reopening Case to Add Omitted Creditor, and to file an adversary proceeding within fifteen days to determine whether the omitted debt is dischargeable. The Debtor complied with the Local Rules and submitted the appropriate form order. On April 22, 2002, the Court granted the Debtor's Motion to Reopen. On May 7, 2002 the Debtor filed a Complaint to Determine Dischargeability of Debt pursuant to Federal Rule of Bankruptcy Procedure 7001.

On June 7, 2002, the Defendant filed the Motion to Dismiss. In the Motion to Dismiss, the Defendant asserts that it did not have notice of the Debtor's bankruptcy. Moreover, the Defendant argues that the current action is barred by sovereign immunity vis-à-vis the Eleventh Amendment of the United States Constitution. In the Response, the Debtor argues that he was unaware of any claim by the Defendant and that the relief sought in the Adversary Proceeding is not barred by sovereign immunity. The Debtor asserts that the Court has jurisdiction to determine the dischargeability of the omitted debt. Furthermore, the Debtor argues that a finding that this Case is barred by sovereign immunity would "fly in the face of the fundamental purpose of the Bankruptcy Code and would effectively render a nullity the concept of a fresh start."

The Debtor is not seeking a monetary judgment against the Defendant in this Adversary Proceeding but merely seeking a determination that the Defendant's prepetition claim has been discharged; a debt that presumably would have been discharged if properly listed in the Debtor's Schedules in the first place. This appears to be a case of first impression in this district.

### CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

▆ Federal Rule of Civil Procedure 12(h)(3), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012, provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). A motion under this rule may be made at any time, and if the court lacks subject matter jurisdiction, the suit must be dismissed. *See Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 94 F.3d 1514, 1518 (11th Cir.1996). When a party asserts Eleventh Amendment sovereign immunity, it claims that the court lacks subject matter jurisdiction. *See Demery v. Kupperman*, 735 F.2d 1139, 1149 n. 8 (9th Cir.1984).

▆ In deciding a motion to dismiss for lack of subject matter jurisdiction, the complaint and any inferences which may be drawn therefrom are to be viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although the facts presented in the complaint must be taken as true, the burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

▆ The Eleventh Amendment states that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The primary safeguard of the Eleventh Amendment prevents nonconsenting States from being sued in federal court by private individuals. *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). This immunity is likewise afforded to a State's agencies, which are considered to be arms of the State. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

■ The filing of a suit against a State generally triggers Eleventh Amendment immunity. In this district, an adversary proceeding, which summons the State to appear in federal court, is considered to be a suit for the purposes of sovereign immunity. *See Bakst v. New Jersey (In re Ross),* 234 B.R. 199, 202–03 (Bankr. S.D.Fla.1999). In the context of dischargeability litigation, Congress attempted to override a State's sovereignty by enacting 11 U.S.C. § 106. Section 106 provides in pertinent part:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections 105, 106 ... 523 of this title.

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

11 U.S.C. § 106(a). In *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Supreme Court held that "[t]he Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." *Id.* at 72–73, 116 S.Ct. 1114. It is "inescapably clear" that Congress cannot abrogate states' immunity pursuant to its Article I powers. *MCI Telecomm. Corp. v. Illinois Bell Tel. Co.,* 222 F.3d 323, 338 (7th Cir. 2000). Consistent with the Supreme Court's holding in *Seminole Tribe,* this Court joins those other courts which have held that Section 106(a) is an invalid attempt to abrogate the States' protections under the Eleventh Amendment. *See Department of Transp. & Dev. v. PNL Asset Mgmt. Co., LLC (In re Fernandez),* 123 F.3d 241, 244 (5th Cir.1997); *Schlossberg v. Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140, 1145–47 (4th Cir.1997); *Venable v. Acosta (In re Venable),* 280 B.R. 916, 918–19 (Bankr.M.D.Fla.2002).

■ Based on the foregoing, it appears that this Adversary Proceeding must be dismissed since it is a suit (with service of a summons and compulsory process) filed against a State agency. In making this ruling, the Court disagrees with the Debtor's assertion that such a ruling deprives a debtor from receiving a fresh start. The Court notes the existence of several remedies available to a debtor seeking to discharge a non-listed debt owed to a State.

First, the Court notes that the Debtor was free to remove the pending state court litigation to federal court pursuant to 28 U.S.C. § 1452(a). 28 U.S.C. § 1452(a) states that:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or

cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Moreover, "the majority of courts faced with bankruptcy removal find the applications for removal may be made in the bankruptcy court since the reference to 'district court' in 28 U.S.C. § 1452(a) encompasses the bankruptcy courts." *In re Boyer*, 108 B.R. 19, 24 (Bankr.N.D.N.Y.1988). Once removed, the Debtor could have then asserted his discharge in bankruptcy as an affirmative defense to the Defendant's action.

In the present case, however, it appears that the Debtor has missed his window of opportunity to remove the state court proceeding. Federal Rule of Bankruptcy Procedure 9027(a)(3) provides:

> If a case under the Code is pending when a claim or cause of action is asserted in another court, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed.R.Bankr.P. 9027(a)(3). It appears that the state court litigation was initiated shortly after February of 2002, *a fortiori* the Debtor can no longer remove the pending state court action.

■ Secondly, the Court believes it is necessary to point out that state courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of most debts under section 523 of the Code. *See Cummings v. Cummings*, 244 F.3d 1263, 1267 (11th Cir.2001);

*McQuade v. McQuade (In re McQuade)*, 232 B.R. 810, 813 n. 1 (Bankr.M.D.Fla. 1999); *In re Crowder*, 37 B.R. 53, 55 (Bankr.S.D.Fla.1984). This Court's exclusive jurisdiction with respect to the determination of dischargeability of debts through bankruptcy is restricted to those debts specified in §§ 523(a)(2), (4), or (6). The debt in question here is excepted from discharge, if at all, under § 523(a)(3)(A). Therefore, the dischargeability of the debt in question may be determined by either the bankruptcy court or the appropriate state court.

■ It should be noted that "when concurrent jurisdiction lies in a nonbankruptcy court, a debtor may invoke any defenses provided by the bankruptcy code." *Jordon v. Norfolk State Univ. (In re Jordon)*, 275 B.R. 755, 762 (Bankr.W.D.Va.2002). In the case *sub judice*, the Debtor is free to argue to the state court that the debt owed to the Defendant has been discharged, absent a showing of "fraud or intentional design." *Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529, 1534 (11th Cir.1986).[1]

Thirdly, as discussed *supra*, the Debtor filed a Motion to Reopen this Case in order to seek a determination that the Defendant's claim had been discharged. The Court granted the Debtor's Motion, and pursuant to Local Rule 5010–1(B) the Debtor filed the instant adversary proceeding. In retrospect, it may not have been necessary for the Debtor to file an adversary proceeding. The Court may have been able to determine whether or not the Defendant's debt was discharged within the Debtor's Motion to Reopen. At first blush, such a motion seems contrary

---

1. It is important to further note that it is not only the Debtor who may seek such declaratory relief. The Defendant is likewise free to file such an action in either this Court, or in state court. Fed.R.Bankr.P. 4007(a) ("A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.")

to this Court's Local Rules, as well as Federal Rule of Bankruptcy Procedure 7001.[2] However, the United States Court of Appeals for the Fourth Circuit has held that such a determination can be made within a motion to reopen pursuant to § 350(b) of the Bankruptcy Code.[3] *Virginia v. Collins (In re Collins)*, 173 F.3d 924, 929 (4th Cir.1999).

In *Collins*, the Commonwealth of Virginia obtained a pre-petition judgment against the debtor. The debtor filed a petition under Chapter 7 and listed Virginia's judgment. Virginia did not file a proof of claim, nor did it object when the court released the debtor from all dischargeable debts. Some years later, however, Virginia sued to garnish the debtor's wages to collect on its judgment. The debtor moved to reopen the bankruptcy case to determine if the debt was dischargeable (the request for declaratory relief was included within the motion to reopen). The Fourth Circuit held that the motion to reopen and the determination that the debt was discharged was not a suit against a State because although Virginia was mailed a copy of the motion, it was not named as a defendant in an adversary proceeding or served with compulsory process. *Collins*, 173 F.3d at 929–30. Moreover, the court found that an adversary proceeding was not required to reopen the case because the "bankruptcy court's power to reopen flows from its jurisdiction over debtors and their estates." *Id.* at 929.

Although the Rules of Bankruptcy Procedure seem to indicate that an adversary proceeding has to be filed, here the Eleventh Amendment operates as a bar to debtors receiving the relief necessary to provide them with a "fresh start" under the Code. In the instant case, the clash between the doctrine of sovereign immunity and Rule 7001 would operate to prevent the Debtor from prosecuting his adversary proceeding, and discharging a debt which presumably would have been discharged if properly listed in the first place. As this Court has stated in the past, when construing the operation of two statutes, the court shall "construe [the] statutes as to avoid an unreasonable or absurd result." *In re Garcia*, 276 B.R. 699, 704 (Bankr. S.D.Fla.2002). Denying a debtor the opportunity to discharge a debt, which would have been discharged if properly scheduled does result in an absurd result under the Bankruptcy Code. Accordingly, the Court finds that in situations where sovereign immunity prohibits the imposition of an adversary proceeding to discharge a debt under § 523(a)(3), the Court shall give deference to substance over form, and therefore the better approach may be for the Debtor to seek a determination that the Defendant's claim was discharged within the motion to reopen. *A fortiori,* the present Adversary Proceeding shall be dismissed without prejudice to the Debtor filing an amended motion to reopen.

▆▆▆▆ Finally, the Court notes that the Debtor may have the right to seek injunctive relief against the state officials who are seeking to collect upon a discharged debt. The Supreme Court's seminal decision in *Ex parte Young*, 209 U.S.

---

2. Rule 7001 provides in pertinent part:

    An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

    . . .

    (6) a proceeding to determine the dischargeability of a debt. . . .

    Fed.R.Bankr.P. 7001.

3. Section 350(b) of the Code provides:

    A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

    11 U.S.C. § 350(b).

123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) has "evolved into the link between state sovereign immunity and the vindication of federal rights." *Hillard Dev. Corp. v. Weinstein (In re Richmond Health Care, Inc.)*, 243 B.R. 899, 907 (Bankr.S.D.Fla.2000). The *Ex parte Young* doctrine permits federal courts to exercise subject matter jurisdiction over a suit against a state official, when the state itself could not be sued in federal court, and the plaintiff seeks only prospective relief to end a continuing violation of federal law. *Id.; Ellett v. Goldberg (In re Ellett)*, 229 B.R. 202, 205 (Bankr. E.D.Cal.1999). This doctrine is premised on the notion that the state cannot authorize a state officer to violate federal law. *Natural Res. Def. Council v. California Dep't of Transp.*, 96 F.3d 420, 422 (9th Cir.1996). Thus, an action by a state official that violates federal law is not considered an act by the state, and therefore the state cannot cloak that officer in its sovereign immunity. *Id.; Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Ex parte Young*, 209 U.S. at 159–60, 28 S.Ct. 441 (The officer is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.")

In the instant case, the Debtor may have the right to seek an injunction against the appropriate New York State official, prohibiting that official from violating § 524(a)(2) [4] by taking action to collect upon an allegedly discharged pre-petition debt. Accordingly, the doctrine of *Ex parte Young* may be available to protect the Debtor from the Defendant's post-discharge collection efforts.

### *CONCLUSION*

For the reasons stated in this Opinion, the Court finds that it does not have subject matter jurisdiction over the instant adversary proceeding, as it is barred by the doctrine of sovereign immunity.

### *ORDER*

In accordance with the foregoing analysis and being otherwise fully advised in the premises, the Court hereby **ORDERS AND ADJUDGES** that the Defendant's Motion to Dismiss is **GRANTED.**

---

4. Section 524 of the Bankruptcy Code provides:

A discharge in a case under this title—

. . . . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. . . .

11 U.S.C. § 524(a)(2).